IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ALEX MICHALAKOS and | ) | |
| MARIA MICHALAKOS | ) | 1:11-cv-960 |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| M3 FINANCIAL SERVICES, INC., | ) | JURY TRIAL DEMANDED |
| Defendant. | ) | |

## COMPLAINT

1. Plaintiffs Alex and Maria Michalakos, husband and wife, bring this action to secure redress under the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq.

2. Debt collection agency defendant M3 Financial Services, Inc. ("M3") is dunning plaintiffs for a debt that it knows has been satisfied.

## JURISDICTION

3. This Court has jurisdiction under 28 U.S.C. §§ 1331 (federal question), and 15 U.S.C. §1692k (FDCPA).

4. Venue is appropriate because a substantial portion of the events that gave rise to this cause of action occurred here.

## PARTIES

5. Plaintiffs are husband and wife who reside in this District.

6. M3 is a debt collection agency that has its headquarters in Westchester, Illinois.

## FACTS

7. On or about March 30, 2010, plaintiffs paid a debt allegedly owed to Orsini Healthcare. Plaintiffs received a letter dated April 19, 2010, stating that the account was paid in full.

8. Despite that the account was paid in full on March 30, 2010, M3 sent plaintiffs a collection letter on April 2, 2010.

9. Upon information and belief, M3 sent plaintiffs another collection letter on June 2, 2010. This letter was on Orsini Healthcare letterhead. However, the address and telephone number on the letter urge plaintiffs to contact M3, rather than Orsini.

10. If this letter was sent by Orsini, which is doubtful, it was designed in concert and collusion with M3, to trick the plaintiffs into calling a debt collector.

## COUNT I - FDCPA

11. Plaintiffs incorporate all previous allegations.

12. It is deceptive, unfair and unconscionable for a debt collector to attempt to collect a debt that has already been paid. M3 violated the FDCPA in this sense.

13. The June 2, 2010 letter did not disclose that it came from a debt collector, pursuant to 15 U.S.C. §1692e(11).

14. It was also deceptive for M3 to have sent a letter to plaintiff that states it was coming from the alleged creditor, when it was really coming from M3. Alternatively, if the June 2, 2010 letter came from Orsini, M3 was involved, this fact should have been disclosed.

15. Plaintiffs have been damaged by the defendant's illegal activities.

WHEREFORE, plaintiffs request that the Court enter judgment in favor of themselves and the class and against defendant that provides the following relief:

    a.    Statutory and actual damages;

    b.    Attorney's fees and costs of suit; and

    c.    Any other relief the Court finds just and proper.

Respectfully submitted,

/s/Alexander H. Burke

Alexander H. Burke
**BURKE LAW OFFICES, LLC**
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com

## JURY DEMAND

Plaintiffs demand trial by jury.

/s/Alexander H. Burke

Alexander H. Burke
**BURKE LAW OFFICES, LLC**
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com

## DOCUMENT PRESERVATION DEMAND

Plaintiffs hereby demand that the defendant take affirmative steps to preserve all recordings, data, emails, documents and all other tangible things that relate to the allegations herein, plaintiff or the putative class members, or the making of telephone calls, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiffs or the account in question, and any account or number or symbol relating to any of them. These materials are very likely relevant to the litigation of this claim. If

3

defendant is aware of any third party that has possession, custody or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials, and notify the undersigned of the circumstances immediately so that counsel may take appropriate action. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

/s/Alexander H. Burke