IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ALEX MICHALAKOS and | ) | |
| MARIA MICHALAKOS | ) | 1:11-cv-960 |
|     Plaintiffs, | ) | Judge Manning |
| | ) | Magistrate Judge Valdez |
| v. | ) | |
| | ) | |
| M3 FINANCIAL SERVICES, INC., | ) | JURY TRIAL DEMANDED |
|     Defendant. | ) | |

**PLAINTIFF'S MOTION
TO STRIKE AFFIRMATIVE DEFENSE**

Plaintiff respectfully requests that this Court strike defendant M3 Financial Services, Inc.'s affirmative defense because it is insufficient as pleaded as a matter of law. In support of this motion, plaintiff states:

1. This is a Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. case alleging that the defendant debt collection agency was untruthful about the source from where its written communications to plaintiffs were coming. Plaintiff's counsel raised the issues herein so that they could be resolved informally without a motion, and defendant did not substantively respond.

2. "Affirmative defenses are pleadings and, therefore, are subject to all pleading requirements of the Federal Rules of Civil Procedure." *Heller Financial, Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989). Fed.R.Civ.P. 9(b) requires that allegations of "mistake" pleaded with particularity. "Particularity" as used in Rule 9(b) means "the who, what, when, where, and how of the mistake: the first paragraph of any newspaper story." *GE Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1078 (7th Cir. 1997).

      3.      "An affirmative defense may be pleaded in general terms and will be held to be sufficient, and therefore invulnerable to a motion to strike, as long as it gives plaintiff fair notice of the nature of the defense. The only exceptions are the defenses that fall within the special pleading provisions of Rule 9, especially Rule 9(b), which deals with fraud, mistake, and conditions of the mind." Charles Alan Wright and Arthur R. Miller, 5 FEDERAL PRACTICE AND PROCEDURE § 1274, at 455-56 (1990), as quoted in *Smith v. Wal-Mart Stores, Inc.*, case no. C 06-2069, 2006 WL 2711468, 2006 U.S. Dist. LEXIS 72225 (N.D.Cal. Sept. 20, 2006). See also *Thomas v. Exxon Mobil Corp.*, 2009 WL 377334 (N.D.Ill. Feb. 11, 2009); *United States ex rel. James Cape & Sons Co. v. Am. Home Assur. Co.*, case no. 02 C 1903, 2004 WL 3119029, 2004 U.S. Dist. LEXIS 24212 (N.D.Ill. Dec. 3, 2004).

      4.      M3 Financial Services, Inc. ("M3") filed its answer, with raised a "bona fide error" affirmative defense, pursuant to 15 U.S.C. §1692k(c). The defense in its entirety reads:

> The June 2, 2010 letter was sent after being assigned to M3 Financial Services, Inc. in error by Orsini Healthcare. In the event that the FDCPA applies to this case, any violation thereof was not intentional, was a bona fide error; and occurred despite the maintenance of procedures reasonably adapted to avoid any such error. M3 Financial Services, Inc. took immediate steps to rectify this error upon its discovery.

M3 Answer, docket item 8, at page 4. This affirmative defense is lacking in several material respects. Not only does it fail to plead the who, what when, why where and how, but it does not plead the essential elements of the bona fide error defense. There are no details about the supposed mistake that happened, it makes no identification of any procedures it had in place that were supposedly designed to fix the error, except that it fixed the error after the error happened.

5. Procedures initiated after having been sued, designed to avoid making the same mistake twice may be sufficient to avoid liability for a subsequent suit, but are insufficient to support a defense for the instant suit. This provides an alternative, substantive, reason to strike the defense as a matter of law.

6. Finally, the affirmative defense should be stricken because it does not comport with the pleading requirements of Twombly and Iabal: "[f]actual allegations must be enough to raise a right to relief above the speculative level" and mere recitations of the elements of a claim are insufficient under Rule 8. *Id*; see also *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009); *Shinew v. Wszola*, 2009 WL 1076279 (E.D.Mich., April 21, 2009) (denying motion for leave to amend affirmative defenses because they were too vague). See also, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

7. Plaintiff's counsel would normally request that defendant be permitted to replead an affirmative defense so early in the case. However, in this case, plaintiff attempted to avoid having to file this motion by contacting defense counsel and asking him to replead. Defense counsel did not substantively respond. Under these circumstances, plaintiff requests that defendant's affirmative defense be stricken in its entirety.

WHEREFORE, plaintiff respectfully requests that this Court strike M3's affirmative defense for failure to state a claim upon which relief may be granted.

Respectfully submitted,

/s/Alexander H. Burke

**BURKE LAW OFFICES, LLC**

155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com
www.BurkeLawLLC.com